NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11867


COMMONWEALTH  vs.  NELSON MORALES.


February 3, 2016.


Bail.  Supreme Judicial Court, Superintendence of inferior
     courts.


     This case is before us on a reservation and report from a
single justice of the county court.  It concerns a court's
authority to revoke a defendant's bail pursuant to G. L. c. 276,
§ 58, where the defendant who was "on release" defaulted by
failing to appear in court and later was charged with committing
a new crime.  A judge in the Boston Municipal Court concluded
that a defendant in these circumstances is no longer "on
release" and denied the Commonwealth's motion to revoke his
bail.  The same question is raised in two other cases,
Commonwealth v. Fontanez, 473 Mass.    (2016), and Commonwealth
v. Jaiman, 473 Mass.    (2016), which we also decide today.
Because we hold that the judge had the authority under § 58 to
revoke the defendant's bail, we reverse.

     Background.  On August 22, 2014, the defendant was
arraigned in the Boston Municipal Court on the charge of larceny
of property over $250, in violation of G. L. c. 266, § 30.  The
court gave the defendant the bail revocation warning pursuant to
G. L. c. 276, § 58, and released him on personal recognizance.
At a subsequent pretrial hearing, the defendant failed to
appear.  The court found him in default and issued a default
warrant.  That warrant was still outstanding when the defendant
was charged with committing a new crime in April, 2015.

     At his arraignment on the new charge -- assault and battery
of a family or household member, G. L. c. 265, § 13M (a)-- the
Commonwealth filed a motion to revoke the defendant's bail or

recognizance in the larceny matter pursuant to G. L. c. 276, § 58. The Commonwealth also requested bail in the new assault and battery matter. A judge of the Boston Municipal Court denied the Commonwealth's motion on the ground that the defendant was no longer subject to bail revocation under G. L. c. 276, § 58, sixth par. The judge reasoned that because he defaulted in the prior larceny matter he was no longer "on release" and, consequently, did not commit the new crime during the period of release. The judge did not take any action on the outstanding default warrant. In the new assault and battery matter, the judge set bail in the amount of $500 and imposed conditions on the defendant's release.

The Commonwealth subsequently filed a petition in the county court pursuant G. L. c. 211, § 3, appealing from the denial of its motion to revoke the defendant's bail. The single justice reserved and reported the matter to the full court.

Discussion. General laws c. 276, § 58, establishes conditions for a defendant's initial release after arraignment, pending adjudication of the charges against him. Pursuant to that section, a defendant may be admitted to bail on personal recognizance without surety unless the court, in its discretion, believes that such a release will not reasonably assure his appearance at subsequent court proceedings. The statute also provides that a defendant's bail can be revoked if he is charged with a new offense during his "release." See Paquette v. Commonwealth, 440 Mass. 121, 125-131 (2003), cert. denied, 540 U.S. 1150 (2004) (discussing G. L. c. 276, § 58). When a defendant is admitted to bail, he must be advised, as an explicit condition of release, that if he is "charged with a crime during the period of his release, his bail may be revoked." G. L. c. 276, § 58, sixth par. As we have previously recognized "[t]he import of this clear statutory language is that the liberty interest of a person admitted to bail is conditional; if the person violates the explicit condition of his release, then his liberty can be curtailed." Paquette, supra at 126.

Here, the judge reasoned that the defendant was no longer "on release" within the meaning of G. L. c. 276, § 58, sixth par., after he defaulted when he failed to appear at a pretrial hearing and a default warrant for his arrest had been issued. In these circumstances, he was no longer "on release" or at liberty when he was charged with the new crime. Although he was not yet in custody, he was subject to arrest at any time pursuant to the default warrant. The judge therefore concluded

that, because the defendant was no longer "on release," he was not subject to bail revocation.  We do not agree.

The defendant was released subject to certain conditions that restrained his liberty in a way not shared by the public generally.  An explicit condition of his release was that "should [he] be charged with a crime during the period of his release, his bail may be revoked."  G. L. c. 276, § 58, sixth par.  He also was required to appear at pretrial hearings.  See G. L. c. 276, § 82A (criminalizing the failure to appear "without sufficient excuse").  The court's issuance of a default warrant for his failure to appear was another restraint on an already conditional release.  Thus, the issuance of the default warrant did not put an end to the defendant being "on release" for the purposes of § 58.  We agree with the Commonwealth that so long as the defendant was not in custody after defaulting in the larceny matter, he was "on release."

The purpose of § 58 is "to assure compliance with [the] laws and to preserve the integrity of the judicial process by exacting obedience with its lawful orders."  Paquette, 440 Mass. at 129.  This purpose is not effectuated if a defendant who fails to comply with the conditions of his release and later commits a new crime is essentially immunized from the consequences of failing to comply with those conditions.

As we have previously recognized, "a court has inherent power to revoke a defendant's bail for breach of any condition of release."  Paquette, supra at 128.  This authority must be borne in mind when interpreting the statute.  Interpreting § 58 to mean that, in the circumstances of the present case, the defendant was no longer "on release" and that the judge therefore, essentially, had no authority to revoke his bail, ignores that inherent power.  It potentially leads to the untenable result of placing a defendant who failed to comply with a condition of his release -- appearing for court proceedings -- in a better position than one who has complied with the condition, because the noncompliant defendant is no longer subject to the consequences of his failure to comply (i.e., revocation of bail).

For these reasons, we conclude that a defendant "on release" pursuant to G. L. c. 276, § 58, who defaults for failing to appear and later is charged with committing a new crime is subject to having his bail revoked.

Conclusion.  We remand the case to the county court where the single justice is directed to enter an order vacating the

lower court's ruling and remanding the matter to that court for further proceedings consistent with this opinion.

So ordered.

Donna Jalbert Patalano, Assistant District Attorney, for the Commonwealth.

Justin Kyle Brown, Committee for Public Counsel Services, for the defendant.