NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11888

COMMONWEALTH  vs.  STEVIE JAIMAN.


February 3, 2016.


Bail.  Supreme Judicial Court, Superintendence of inferior
     courts.


     This case is before us on a reservation and report from a
single justice of the county court.  It concerns the same single
issue that we address in Commonwealth v. Morales, 473 Mass.
(2016), also decided today:  whether a court has the authority
to revoke a defendant's bail pursuant to G. L. c. 276, § 58,
where the defendant was "on release," defaulted by failing to
appear, and later was charged with committing a new crime.

     On January 19, 2011, the defendant was arraigned in the
Boston Municipal Court on charges of possession with intent to
distribute marijuana, G. L. c. 94C, § 32C (a), possession with
intent to distribute marijuana in a school zone, G. L. c. 94C,
§ 32J, and possession of a firearm without a firearm
identification card, G. L. c. 269, § 10 (h).  The court gave the
defendant the bail revocation warning pursuant to G. L. c. 276,
§ 58, and released him on personal recognizance.  After he
failed to appear at a pretrial hearing, the court found him to
be in default and issued a default warrant.

     The warrant was still outstanding when the defendant was
charged with a new crime, aggravated statutory rape, in
violation of G. L. c. 265, § 23A, in April, 2015.  At his
arraignment on the new charges, the court denied the
Commonwealth's motion to revoke the defendant's bail on the
ground that he was not subject to bail revocation under G. L.
c. 276, § 58, sixth par.  Because the defendant defaulted in the
prior matter, he was no longer "on release," and therefore did

not commit the new crime "during said period of release."  The court did not take any action on the outstanding default warrant.  In the new matter, the court set bail in the amount of $10,000, and imposed conditions on his release.

The Commonwealth subsequently filed a petition pursuant to G. L. c. 211, § 3, in the county court seeking relief from the denial of its motion to revoke the defendant's bail.  The single justice reserved and reported the matter to the full court.

In Morales, 473 Mass. at    , we address the reasons why we interpret G. L. c. 276, § 58, sixth par., to mean that a defendant such as one in the circumstances presented here is still "on release" for purposes of bail revocation and why a judge therefore has the authority to revoke the defendant's bail.

For the reasons there stated, and as in that case, we remand the case to the county court where the single justice is directed to enter an order vacating the lower court's ruling and remanding the matter to that court for further proceedings consistent with this opinion.

So ordered.

Donna Jalbert Patalano, Assistant District Attorney, for the Commonwealth.
Justin Kyle Brown, Committee for Public Counsel Services, for the defendant.