NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11887

COMMONWEALTH  vs.  JOSE M. FONTANEZ.

February 3, 2016.

Bail.  Supreme Judicial Court, Superintendence of inferior
     courts.


     This case is before us on a reservation and report from a single justice of the county court.  It concerns the same single issue that we address in Commonwealth v. Morales, 473 Mass. (2016), also decided today:  whether a court has the authority to revoke a defendant's bail pursuant to G. L. c. 276, § 58, where the defendant was "on release," defaulted by failing to appear, and later was charged with committing a new crime.

     On May 29, 2014, the defendant was arraigned in the Chelsea Division of the District Court Department on criminal charges in four separate matters.  It was alleged that he had assaulted the same victim on different dates.  In three matters, he was charged with assault and battery in violation of G. L. c. 265, § 13A (a), and in a fourth matter, with assault and battery by means of a dangerous weapon in violation of G. L. c. 265, § 15A (b).  The court gave the defendant the bail revocation warning pursuant to G. L. c. 276, § 58, and released him on personal recognizance.

     In January, 2015,[1] the defendant failed to appear in court on the District Court matters.  The court found him to be in default and issued default warrants.

_____

     [1] In the intervening months, the defendant was arrested on new charges.  The motion judge noted that in July, 2014, the defendant was on release in the District Court matters and

The defendant subsequently was arraigned, in April, 2015, on a new charge, assault and battery of a family or household member, G. L. c. 265, § 13M (a).  At his arraignment, the Commonwealth filed a motion to revoke the defendant's bail in the Chelsea District Court matters.  The court denied the Commonwealth's motion to revoke the defendant's bail on the ground that he was no longer subject to bail revocation under G. L. c. 276, § 58, sixth par.  Because the defendant defaulted in the prior matters, he was no longer "on release," and therefore did not commit the new crime "during said period of release."  In the new assault and battery matter, the court set bail in the amount of $2,000, and imposed conditions on the defendant's release.

The Commonwealth subsequently filed a petition pursuant to G. L. c. 211, § 3, in the county court seeking relief from the denial of its motion to revoke the defendant's bail.  The single justice reserved and reported the matter to the full court.

In Morales, 473 Mass. at    , we address the reasons why we interpret G. L. c. 276, § 58, sixth par., to mean that a defendant such as one in the circumstances presented here is still "on release" for purposes of bail revocation and why a judge therefore has the authority to revoke the defendant's bail.

For the reasons there stated, and as in that case, we remand the case to the county court where the single justice is directed to enter an order vacating the lower court's ruling and remanding the matter to that court for further proceedings consistent with this opinion.

So ordered.

Donna Jalbert Patalano, Assistant District Attorney, for the Commonwealth.
Justin Kyle Brown, Committee for Public Counsel Services, for the defendant.

---

arraigned on a new crime in the Boston Municipal Court, but the Commonwealth did not move to revoke bail on this basis.